UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA M. LANCRANJAN,<br><br>                     Plaintiff,<br><br>v.<br><br>BRETT FRANKLIN TRUIT; HON. CHRISTOPHER S. MORRIS, Nominal Defendant in Official Capacity; HON. JAMI L. FERRARA, Nominal Defendant in Official Capacity, HON. MICHAEL S. GROCH, Presiding Judge, Nominal Defendant in Official Capacity; and DOES 1-10,<br><br>                     Defendants. | Case No.: 3:26-cv-3765-JES-DEB<br><br>**ORDER:**<br><br>**(1) STRIKING CERTIFICATION OF SERVICE AS IMPROPER;**<br><br>**(2) DENYING MOTION FOR EXTENSION OF TIME TO LODGE DOCUMENTS;**<br><br>**(3) STRIKING IMPROPER FILINGS;**<br><br>**(4) DENYING MOTION FOR RECONSIDERATION REGARDING EFILE PRIVILEGES; and**<br><br>**(5) DENYING EX PARTE MOTION FOR DISCOVERY**<br><br>**[ECF Nos. 6, 7, 8, 9, 11, 12, 13]** |

On June 26, 2026, *pro se* Plaintiff Christina Lancranjan filed the complaint in this matter and an accompanying motion for a temporary restraining order. ECF Nos. 1, 2.

1

Plaintiff alleges that Defendants have unfairly prejudiced her case and conspired against her in underlying state court proceedings. *Id.* Plaintiff has made a variety of filings in this matter, which the Court addresses in turn below.

First, Plaintiff filed a "Certification of Service" indicating that she served Defendant Truitt by email. ECF No. 6. Rule 4 of the Federal Rules of Civil Procedure govern service, explaining as follows:

> (e) Serving an Individual Within a Judicial District of the United States. Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2) doing any of the following:
> (A) delivering a copy of the summons and of the complaint to the individual personally;
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). Email is not a proper form of service in federal court without an opposing party's waiver of proper service. *See id.* Plaintiff states that she is in the process of finalizing proper service for dispatch to a process service, but that service has not yet been completed. ECF No. 6 at 4. Because Plaintiff's methods of service to date are improper, the Court **DIRECTS** the Clerk of the Court to **STRIKE** Plaintiff's certification of service. ECF No. 6. Plaintiff may notify the court when she has properly effectuated service.

Second, Plaintiff moves for an extension of time to file more documents. ECF No. 7. Plaintiff has already filed a number of documents. *See* ECF Nos. 8, 9, 10, 13. At this stage in litigation, the filing of exhibits unattached to the complaint, motion for TRO, or other motion is improper. The Court thus **DENIES** the motion. The Court also **DIRECTS** the Clerk of the Court to **STRIKE** the extraneous filings of documents unattached to a

3:26-cv-3765-JES-DEB

motion or the complaint (ECF Nos. 8, 9, 10, 13). Plaintiff may view the District's online resources for *pro se* litigants to learn the types of permissible motions and filings allowed in federal court.

Third, Plaintiff moves for reconsideration of the Court's previous order denying her electronic filing access. ECF No. 11. On July 1, 2026, the Court denied Plaintiff's motion for leave to electronically file documents ("e-file"), and explained that Plaintiff must certify that she has access to certain technology to be granted e-file privileges. ECF No. 5. In her motion for reconsideration, Plaintiff again has not attested that she meets those requirements. The motion to e-file is therefore again **DENIED** without prejudice. The Clerk of the Court is **DIRECTED** to attach a copy of the motion to e-file template provided by this District to this order.

Fourth, Plaintiff filed an ex parte motion for discovery in support of her motion for a temporary restraining order ("TRO"). ECF No. 12. District Courts in this Circuit decide such requests as follows:

> Rule 26(d) of the Federal Rules of Civil Procedure generally prohibits a party from seeking discovery from any source before the parties have conferred as required by Rule 26(f).[11] *See* Fed.R.Civ.P. 26(d). In the Ninth Circuit, courts use the "good cause" standard to determine whether discovery should be allowed to proceed prior to a Rule 26(f) conference. *UMG Recordings, Inc. v. Doe,* 2008 WL 4104214, *4 (N.D.Cal.2008) (Armstrong, J.). Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party. *Semitool, Inc. v. Tokyo Electron Am., Inc.,* 208 F.R.D. 273, 276 (N.D.Cal.2002); *UMG Recordings,* 2008 WL 4104214, at *4 & n. 3 (listing cases from Ninth and other circuits citing *Semitool* ). While "courts have recognized that good cause is frequently found in cases involving claims of infringement and unfair competition," expedited discovery is not appropriate in every case. *Semitool,* 208 F.R.D. at 276–277.
>
> In considering whether good cause exists, factors courts may consider include: (1) whether a preliminary injunction is pending; (2) the breadth of the discovery request; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made. *Am. LegalNet,*

3:26-cv-3765-JES-DEB

*Inc. v. Davis,* 673 F.Supp.2d 1063, 1067 (C.D.Cal.2009). The party seeking expedited discovery in advance of the Rule 26(f) conference has the burden of showing good cause for the requested departure from usual discovery procedures. *Id.* at 1066.

*Rovio Ent. Ltd. v. Royal Plush Toys, Inc.*, 907 F. Supp. 2d 1086, 1099 (N.D. Cal. 2012).

Here, while there is a motion for TRO pending and Plaintiff certifies that the requested discovery is necessary for her motion, the requested discovery is not, as Plaintiff argues, narrowly tailored. *See* ECF No. 12. Plaintiff requests (1) original, native electronic files (unconverted .docx and original electronic formats, including full metadata history) of all trial briefs, motions, and declarations submitted by Defendant Truitt in the underlying case since January 6, 2026; (2) sworn declarations from Defendant Brett Truitt and a nonparty attorney regarding legal advice; (3) all emails, text messages, and communications between Truitt and his former attorney and firm regarding a prior case; (4) complete, unredacted client files regarding Plaintiff's underlying case from her former attorneys; and (5) privilege logs regarding any claims of privilege regarding the above. ECF No. 12 at 4-5. Each of these requests is very broad, and the requests involve information typically subject to attorney client privilege. The potential utility of this information to Plaintiff is significantly outweighed by the prejudice to Defendants (who have yet to be properly served in this action) if the motion were granted. The Court thus does not find good cause for early discovery, and **DENIES** the ex parte motion.

**IT IS SO ORDERED**.

Dated:  July 6, 2026

_____
Honorable James E. Simmons Jr.
United States District Judge

3:26-cv-3765-JES-DEB