UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

CHRISTINA M. LANCRANJAN,

Plaintiff,

v.

BRETT FRANKLIN TRUIT; HON. CHRISTOPHER S. MORRIS, Nominal Defendant in Official Capacity; HON. JAMI L. FERRARA, Nominal Defendant in Official Capacity, HON. MICHAEL S. GROCH, Presiding Judge, Nominal Defendant in Official Capacity; and DOES 1-10,

Defendants.

Case No.: 3:26-cv-3765-JES-DEB

**ORDER:**

**(1) DENYING MOTION TO RECUSE;**

**(2) DENYING MOTION FOR TEMPORARY RESTRAINING ORDER;**

**(3) GRANTING MOTIONS TO DISMISS; and**

**(4) DISMISSING CASE WITH PREJUDICE**

**[ECF Nos. 38, 39, 50]**

Before the Court is a motion for temporary restraining order ("TRO") (ECF No. 2) and motion for recusal by *pro se* Plaintiff Christina Lancranjan ("Plaintiff") (ECF No. 50) and motions to dismiss by *pro se* Defendant Brett Franklin Truitt (ECF No. 38) and Defendants Hon. Jami L. Ferrara, Hon. Michael S. Groch, and Hon. Christopher S. Morris

(collectively, "Judicial Defendants")(ECF No. 39). For the reasons set forth below, the Court **DENIES** the motion for recusal, **DENIES** the motion for a TRO, and **GRANTS** the motions to dismiss. Because the reasons for dismissal are incurable issues of jurisdiction and basis for claims, the Court **DISMISSES** the case with prejudice.

## I. BACKGROUND

This case arises from a contentious marriage dissolution proceeding which is ongoing in San Diego Superior Court. *See* ECF No. 1 ("Compl.") at 5-6. Plaintiff alleges that her former spouse, Defendant Truitt, and the judges involved in the state court proceeding, Judicial Defendants, have colluded to prejudice the state court proceeding, resulting in a sham trial in violation of her constitutional rights. *Id.* at 7-13.

Plaintiff alleges that a variety[1] of issues in her underlying state court proceeding show the Defendants' collusion against her and prejudice of her case. Plaintiff argues that Judicial Defendants applied asymmetrical evidentiary rules benefiting Defendant Truitt and harming her. *Id.* at 8. Plaintiff has also been labelled a vexatious litigant in the underlying proceeding, which she alleges prejudices her case and violates her constitutional rights. *Id.* at 10-11. Plaintiff argues that she is entitled to a stay of the state trial court proceedings due to her appeals, and that the court's denial of a stay is intended to prevent her from getting a fair appeal. *Id.* at 11. Plaintiff argues that the trial court's decisions constitute a procedural blackout. *Id.* at 62.

Plaintiff alleges that these issues constitute state-created danger with an underlying criminal enterprise which has put herself and her minor child in extreme physical and financial vulnerability. *Id.* at 13. Plaintiff argues that custody and educational orders, and orders dispersing funds, in her underlying case are void and that their enforcement violates her rights under the Fifth and Fourteenth Amendments. *Id.*

[1] Counting only the complaint, motion for TRO, and supplemental exhibits, Plaintiff has filed over 4,000 pages in this matter to date. *See* Compl.; ECF Nos. 2, 26-37. In the interest of judicial economy, the Court does not restate each of Plaintiff's allegations here, but highlights the allegations and arguments which appear most central to her case.

Plaintiff also argues that the upcoming trial in the state court proceeding is an attempt to launder assets and bury evidence of multi-mullion dollar theft and unconstitutional taking. *Id.* at 59. Plaintiff alleges that the trial court's decisions regarding assets and costs in the underlying proceeding have driven her to the brink of homelessness. *Id.* at 64.

Plaintiff brings this action as a civil rights complaint under 42 U.S.C. § 1983. *Id.* at 29.

The Court held a hearing on the motion for TRO on August 19, 2026.[2] At the beginning of the hearing, the Court told all parties that they would each have fifteen minutes for oral argument. Plaintiff argued first, and responded to questions from the Court. Defendant Truitt and counsel for Judicial Defendants argued next. The Court concluded the hearing by telling the parties that the Court was not issuing an injunctive stay from the bench, and that a written order would follow.

## II. LEGAL STANDARD

### A. Motion for Recusal

A judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" or "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(a), (b)(1). "To provide grounds for recusal, prejudice must result from an extrajudicial source." *Duckworth v. Dep't of Navy*, 974 F.2d 1140, 1142 (9th Cir. 1992). Any bias must be evaluated under an "objective" standard that focuses on if it would appear to a reasonable person with all the facts that a judge's impartiality may be questioned. *United States v. Holland*, 519 F.3d 909, 913-14 (9th Cir. 2008). The burden to show bias rests with the party moving to disqualify the judge. *See Denardo v. Anchorage*, 974 F.2d 1200, 1201 (9th Cir. 1992). "The motion or affidavit must allege with particularity the facts

[2] At the hearing, the Court expressed concern about whether ECF Nos. 26-37 was timely served on Defendants. It appears from the proofs of service (ECF Nos. 19-23), that the exhibits were timely served, and the Court therefore considers each of the exhibits for these motions.

that would convince a reasonable person that a bias exists of a personal, not judicial, nature." *Guadarrama v. Small*, No. 09-cv-2544, 2010 WL 3171465, at *1(S.D. Cal. Aug. 10, 2010) (citing *United States v. Sibla*, 624 F.2d 864, 868 (9th Cir. 1980)). Thus, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994); *see also Duckworth*, 974 F.2d at 1142 ("A judge's previous adverse ruling alone is not sufficient bias.")

**B. Motion for TRO**

The legal standard for issuing a TRO is essentially identical to the standard for issuing a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).

Generally, a plaintiff seeking a preliminary injunction must show: (1) the plaintiff is likely to succeed on the merits; (2) the plaintiff is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in favor of the plaintiff; and (4) an injunction is in the public interest. *Id.* at 20. "A 'plaintiff [must] make a showing on *all four prongs*' to obtain a preliminary injunction." *A Woman's Friend Pregnancy Res. Clinic v. Becerra*, 901 F.3d 1166, 1167 (9th Cir. 2018) (quoting *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)).

The Ninth Circuit also has a "serious questions" test, "a 'sliding scale' variant of the *Winter* test." *Flathead-Lolo-Bitterroot Citizen Task Force v. Montana*, 98 F.4th 1180, 1190 (9th Cir. 2024) (quoting *Alliance for the Wild Rockies*, 865 F.3d 1211, 1217 (9th Cir. 2017)). The serious questions test dictates that a plaintiff may still prevail in obtaining a TRO even if they can only show that there are "'serious questions going to the merits' – a lesser showing than likelihood of success on the merits – […] if the 'balance of hardships tips sharply in the plaintiff's favor.'" *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *Alliance for the Wild Rockies*, 632 F.3d at 1135). Thus, under the serious questions test, a preliminary injunction can be granted if there are (1)

serious questions going to the merits, (2) a likelihood of irreparable injury to the plaintiff, (3) a balance of hardships that tips sharply towards the plaintiff, and (4) the injunction is in the public interest. *Flathead-Lolo-Bitterroot Citizen Task Force*, 98 F.4th at 1190 (quoting *Alliance for the Wild Rockies*, 632 F.3d at 1135). The party moving for the TRO has the burden of persuasion. *Hill v. McDonough*, 547 U.S. 573, 584 (2006).

**C. Motions to Dismiss**

A motion to dismiss for failure to state a claim should be granted when the allegations do not "state a claim to relief that is plausible on its face." *Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard ... asks for more than a sheer possibility that a defendant has acted unlawfully." *Mashiri v. Epsten Grinnell & Howell*, 845 F.3d 984, 988 (9th Cir. 2017) (internal quotation marks omitted).

When evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *see Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). Allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). While the court must draw all reasonable inferences from the factual allegations in favor of the plaintiff, *Newcal Industries, Inc. v. Ikon Office Solution*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008), the court need not credit legal conclusions that are couched as factual allegations, *Iqbal*, 556 U.S. at 678-79.

//

//

//

## III. DISCUSSION

### A. Motion for Recusal

Plaintiff argues that the Court must recuse itself from this case due to bias, prejudice, and allegedly erroneous rulings. *See generally*, ECF No. 50. Plaintiff's arguments stem from the Court's decision to limit the argument of parties at the TRO hearing to 15 minutes each, the Court's questions to plaintiff regarding service of documents, and the Court's statements regarding the law at the hearing, such as that section 1983 generally does not apply to private parties and that the Court did not find a basis for issuing a stay on the underlying proceeding at the TRO itself. *See id.* Like in her claims against Judicial Defendants, Plaintiff claims that this Court's actions constitute error in violation of her rights. *See id.; cf.* Compl.

On these facts, Plaintiff has not alleged with particularity any facts showing judicial bias rather than the Court's reasonable exercise of its authority in a civil matter. *See Guadarrama*, 2010 WL 3171465, at *1-2. District courts may set time limits on arguments, discuss their perception of the law, and question parties about issues in their case. Plaintiff appears to believe that the Court acted against her at the hearing by explaining the weaknesses in her case. Notably, the Court did not make any ruling at the hearing, but merely stated that an injunction would not issue at that time and that a written order would follow. Even if the Court had ruled against Plaintiff, an adverse ruling is not a basis for recusal. *See Duckworth*, 974 F.2d at 1142. In short, Plaintiff has not stated a basis for recusal. The Court thus **DENIES** the motion for recusal.

### B. Motions to Dismiss

Judicial Defendants argue that they are immune from these claims under the Eleventh Amendment. ECF No. 39-1 at 11. Defendant Truitt argues that he is not subject to section 1983 claims as a private citizen. ECF No. 38-1 at 8. Defendants also argue that *Younger* abstention and *Rooker-Feldman* doctrine bar the Court's jurisdiction over this matter. ECF No. 38-1 at 2; ECF No. 39 at 12-15. The Court agrees with each of these bases for dismissal.

**1. Eleventh Amendment Immunity**

Judicial Defendants argue that they are immune from this suit under the Eleventh Amendment. The Court agrees.

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI. The Eleventh Amendment prohibits federal courts from hearing suits brought against a nonconsenting state or arm of the state. *Franceschi v. Schwartz,* 57 F.3d 828, 831 (9th Cir. 1995). State courts and state court judges in their official capacities are protected by Eleventh Amendment immunity because they are arms of the state and the state has not waived immunity. *Munoz v. Superior Ct. of L.A. Cnty.*, 91 F.4th 977, 980-81 (9th Cir. 2024) (holding that "state court judges cannot be sued in federal court in their judicial capacity under the Eleventh Amendment.").

Here, Plaintiff sues three state court judges. Her claims all arise from her underlying family court proceeding, and the judges' procedural and substantive rulings in that case. These allegations inherently seek to assign liability to actions taken by judges in their judicial capacity, and are therefore barred by the Eleventh Amendment. *See Munoz*, 91 F.4th at 981. Plaintiff argues that she is seeking prospective relief allowable by *ex parte Young*. ECF No. 41 at 66. However, *ex parte Young* does not apply when the challenged actions are official duties of judicial officers sued in their official capacities. *See Munoz*, 91 F.4th at 981. Plaintiff's non-conclusory allegations consist of actions taken by state trial courts acting in their official capacities, such as rulings on motions and procedural determinations. *See* Compl. at 115-121 (listing actions by judges in underlying proceeding which Plaintiff claims give rise to liability). Plaintiff's allegations that Judicial Defendants are engaging in racketeering and conspiracy with Defendant Truitt to harm her are bare conclusory allegations, lacking factual basis other than the state court rulings she disagrees with. *See, e.g.,* Compl. at 29-30. These conclusory allegations are insufficient to show that Judicial Defendants are subject to suit because they engaged in conspiracy or racketeering.

*Twombly*, 550 U.S. at 556. In conclusion, this case fits squarely into Eleventh Amendment immunity, and *ex parte Young* doctrine does not apply here. The Court thus **GRANTS** the motion to dismiss all claims against Judicial Defendants.

**2. Section 1983 Claims Against Private Individuals**

Section 1983 provides a remedy for individuals harmed by individuals acting under the color of law. 42 U.S.C. § 1983. Private individuals may be sued under section 1983 when the plaintiff shows joint action between state actors and private parties, meaning that "the state has so far insinuated itself into a position of interdependence with the private entity that it must be recognized as a joint participant in the challenged activity." *Collins v. Womancare*, 878 F.2d 1145, 1154 (9th Cir. 1989) (cleaned up).

Here, Plaintiff argues that Defendant Truitt is acting in collusion with state actors through, inter alia, a racketeering scheme to prejudice her state court case. However, as noted above, Plaintiff's only non-conclusory evidence of conspiracy between Defendant Truitt and state actors consists of court rulings against her. *See, e.g.*, Compl. at 115-121. Plaintiff asserts that these rulings constitute an "unrefuted, exhibit-backed record" of a "total structural and jurisdictional collapse," which "establishes Defendant Brett Truitt's active complicity and joint action in the racketeering enterprise." *See* ECF No. 41 at 7-8. However, these assertions are conclusory. No evidence refutes the more plausible conclusion that Defendant Truitt is acting as a private litigant in the state court proceedings. This falls far short of the standard for joint action required to hold a private actor culpable under section 1983. *See Collins*, 878 F.2d at 1154. The Court thus finds that Plaintiff has not stated a claim against Defendant Truitt under section 1983 and **GRANTS** the motion to dismiss the section 1983 claims against him on this basis.

**3. Abstention Doctrines**

Defendants also argue that *Younger* abstention and *Rooker-Feldman* doctrine apply here. ECF No. 38-1 at 2; ECF No. 39 at 12-15. The Court agrees, and briefly discusses these doctrines as they are relevant to the determination of leave to amend.

Under *Younger* abstention principles, federal district courts are instructed not to intervene into pending state court proceedings absent exceptional circumstances. *Gilbertson v. Albright*, 381 F.3d 965, 968 (9th Cir. 2004).

Here, Plaintiff seeks a TRO staying a family court proceeding, which is set for trial next week, and seeks injunctions staying various orders in her underlying state court case. ECF No. 2 at 2. Plaintiff argues that *Younger* abstention does not apply due to bad faith, harassment, and extraordinary circumstances in her case. ECF No. 41 at 13. However, as explained above, Plaintiff does not state non-conclusory allegations showing bad faith or harassment, and does not overcome the more plausible explanation that the parties are acting reasonably within their roles in the underlying state court proceeding. *See, e.g.,* Compl. at 115-121. Plaintiff's claims are thus subject to dismissal under *Younger*.

Even if the underlying proceeding were not currently pending, the *Rooker-Feldman* doctrine would bar the Court's intervention here. Under the *Rooker-Feldman* doctrine, "federal district courts lack subject matter jurisdiction over "'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Miroth v. Cnty. of Trinity*, 136 F.4th 1141, 1144 (9th Cir. 2025) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

Here, the thrust of Plaintiff's arguments and requested relief is that the state trial court has ruled against her. *See generally,* Compl. Plaintiff also argues that she is not challenging the underlying court proceedings, but the independent federal civil rights violations and constitutional torts. *Id.* at 13. However, as Judicial Defendants correctly point out, Plaintiff's allegations challenge orders made against her in state court, and her requested relief involves this Court enjoining an underlying state court proceeding. *See* ECF No. 39-1 at 13-14; Compl. at 267-71. The *Rooker-Feldman* doctrine thus applies.

Plaintiff also argues that the extrinsic fraud exception to the *Rooker-Feldman* doctrine applies here. ECF No. 41 at 12. However, as the case Plaintiff cited makes clear, extrinsic fraud in this context means extreme conduct beyond normal court proceedings

which prevent a party from presenting his case in court. *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140 (9th Cir. 2004). The allegations in the Complaint and its attachments, including the allegation that Plaintiff was subjected to a vexatious litigant order and that the court has not stayed the action pending Plaintiff's appeal, show a court exercising its discretion in the adjudication of a contentious proceeding. *See* ECF No. 41 at 58-59. Further, the multitude of filings and disputes by Plaintiff mentioned in the Complaint, and the upcoming trial, show that Plaintiff has indeed been able to present her case in court. See generally, Compl.; *Kougasian*, 359 F.3d at 1140. As explained above, Plaintiff has not alleged facts entitled to the presumption of truth showing collusion, fraud, or bad faith prejudicing her in the underlying proceedings. *See Iqbal*, 556 U.S. at 678-79; *Kougasian*, 359 F.3d at 1140. Therefore, the extrinsic fraud exception to the *Rooker-Feldman* doctrine does not apply.

**C. Motion for TRO**

Plaintiff moves for a TRO enjoining the upcoming trial in her state court case, staying rulings of the state court regarding her custody arrangements, enjoining certain evidentiary rulings in the underlying case, compelling discovery in the underlying case, staying her vexatious litigant restrictions, and overturning several state court orders against her. *See generally* ECF 2.

Plaintiff has not shown a likelihood of success on the merits as required for a TRO because, as explained above, (1) Judicial Defendants are entitled to Eleventh Amendment immunity; (2) Plaintiff has not stated a claim under section 1983 against Defendant Truitt as a private actor; and (3) abstention doctrines apply. *See A Woman's Friend Pregnancy Res. Clinic*, 901 F.3d at 1167. The motion for TRO is therefore **DENIED**.

**D. Leave to Amend**

While leave to amend is granted to *pro se* litigants in many cases, courts may deny leave to amend when the pleadings before the court demonstrate that amendment would be futile. *See Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987). Here, as explained above, Plaintiff's claims against Judicial Defendants are barred by the

Eleventh Amendment, and Plaintiff has not come close to stating a claim under section 1983 against Defendant Truitt as a private citizen. Further, core abstention doctrines prevent the Court from providing the relief Plaintiff requests, which is intervention into underlying family court claims. In consideration of these substantial obstacles to Plaintiff's claims, the Court finds that leave to amend would be futile. The motions to dismiss are thus **GRANTED** with prejudice.

### E. CONCLUSION

For the foregoing reasons, the motion for recusal is **DENIED**, and the motion for Temporary Restraining Order is **DENIED**. Defendants' motions to dismiss are **GRANTED.** Plaintiff's claims are **DISMISSED** with prejudice. Plaintiff's remaining motions are **DENIED** as moot. The Clerk of the Court is **ORDERED** to **CLOSE** this case.

**IT IS SO ORDERED**.

Dated: August 21, 2026

Honorable James E. Simmons Jr.
United States District Judge